Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

Michael D. Schulman, Esq. (SBN 137249)
LAW OFFICES OF MICHAEL D. SCHULMAN
18757 Burbank Boulevard, Suite 310
Tarzana, CA  91356-3375
Phone: (818) 999-5553
Fax: (818) 999-5570
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA PETERSON, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-00499-LJO-SKO |
| Plaintiff, | **JOINT SCHEDULING REPORT** |
| vs. | The parties intend to attend the scheduling conference telephonically with Plaintiff's counsel initiating. |
| ENHANCED RECOVERY COMPANY, LLC and DOES 1-10, | |
| Defendant(s). | |

Plaintiff ERIKA PETERSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED ("Plaintiff") and Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

1. **STATEMENT OF THE CASE**

**Plaintiff**: This action is based upon Defendant's alleged violations of the ELECTRONIC FUNDS TRANSFERS ACT, 15 U.S.C. 1693 et seq. ("EFTA"). Prior to February 28, 2017, Defendant contacted Plaintiff in an attempt to collect an alleged debt. Defendant's agent informed Plaintiff that she should pay off the account by credit card or bank card. Plaintiff provided Defendant's agent with her debit card number and orally informed Defendant that they could take the requested amount on a reoccurring basis beginning on February 28, 2017. Plaintiff believed at the time that she would have the funds to pay off Defendant. On or around February 25, 2017 and February 27, 2017, Plaintiff called Defendant and informed them that Plaintiff did not have enough funds to pay Defendant and revoked any prior authorization for Defendant to deduct funds from Plaintiff. However, despite Plaintiff's clear revocation of authorization, Defendants continued to deduct funds from Plaintiff's account multiple times on a reoccurring basis, without Plaintiff's consent or authorization. On or around February 28, 2017, Defendant withdrew $125.04 out of Plaintiff's bank account.

Plaintiff never provided Defendant with written authorization to deduct these sums of money on a regular recurring basis from Plaintiff's banking account. Moreover, Defendant failed to provide Plaintiff with a written copy of the terms of her PEFT arrangement under the applicable regulations. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9. Plaintiff alleges that such action on the part

of Defendant is systemic and widespread, and asserts claims on behalf of a proposed class of similarly-situated putative class members.

**Defendant:** ERC received a call from Ms. Peterson in February 2017 during which Ms. Peterson made arrangements to settle four separate accounts that ERC was collecting on behalf of different creditors. To accomplish this, Ms. Peterson scheduled one single payment for each of the four accounts, with each to process on the same date, February 28, 2017.

Ms. Peterson called back on February 27—the day before the four scheduled transfers—and requested that ERC stop the transfers from occurring on February 28 and rescheduled the payments to process on March 27, 2017. ERC successfully stopped all but one of the transfers from occurring on February 28. On February 28, Ms. Peterson called ERC to inform it that the payment had processed and ERC refunded the $125.04 to Ms. Peterson, processing the return within two business days.

The provisions of the EFTA under which Ms. Peterson brings suit are inapplicable because Ms. Peterson never engaged in a statutorily defined Preauthorized Electronic Funds Transfer and, thus, ERC was not required to obtain her signed authorization. Since Ms. Peterson only authorized transactions to run on the same date, and not recurring at regular intervals, her verbal authorization was sufficient. Furthermore, there is no claim under the EFTA for the transfer of the $125.04 payment after Ms. Peterson duly authorized it and attempted to stop it only the day before it was scheduled to process.

Finally, even if ERC's inability to stop the single transaction from processing could state a claim under the EFTA, ERC would be entitled to the statutory defenses to liability provided by the EFTA: 1) that it occurred as a result of a *bona fide* error; and 2) prior to Ms. Peterson bringing suit, ERC refunded the full amount of the transfer and any reported actual damages suffered as a result.

2. **PROGRESS IN THE SERVICE OF PROCESS;**

**Plaintiff**: Defendant was personally served with the complaint on April 25, 2017. At this time, Plaintiff is not aware of any additional parties to be served, but reserves the right to add such parties as discovery warrants.

**Defendant:** ERC was served on April 25, 2017 and is not aware of any additional parties to be served.

3. **JOINDER OF PARTIES;**

**Plaintiff:** Not at this time

**Defendant:** None at this time.

4. **ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS**

**Plaintiff:** Plaintiff does not anticipate amending the pleadings at this time.

**Defendant:** ERC does not anticipate amending the pleadings at this time.

5. **JURISDICTION AND VENUE**

The parties agree that this Court has federal question jurisdiction as it concerns the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et. seq., , and that venue is proper. ERC denies that Ms. Peterson has standing to assert her claims before this Court because she is not provided a cause of action under the EFTA and because she has not suffered a concrete injury-in-fact.

6. **ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

**Plaintiff:** Plaintiff anticipates filing a motion for class certification by April 16, 2018.

**Defendant:** ERC anticipates filing a motion for summary judgment as to the individual claims of Ms. Peterson.

7. **ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

**Plaintiff**: Plaintiff proposes to the Court the following discovery plan:

1) The parties will exchange the information required by Federal Rules of

Civil Procedure 26(a)(1) on or before July 27, 2017.

2) All fact discovery will be commenced in time to be completed by July 3, 2018. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

3) Plaintiff does not require any limitations on discovery. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

4) Disclosure of experts under Federal Rule of Civil Procedure 26 (a)(2) due: All parties will provide the disclosures required on or before July 10, 2018. Counter-designations of experts will be made on or before July 24, 2018. Expert discovery will be completed by August 20, 2018.

Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their data:

Documentation regarding Defendant's EFT procedures;

Documentation regarding Defendant's procedures and policies regarding recording and acknowledging of the revocation of consent under EFTA by consumers; and

Documentation relating to Plaintiffs' accounts and communication with Defendant.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery. Bifurcation of discovery as between class certification and merits discovery is not appropriate in this case. Plaintiff respectfully submits that bifurcation of discovery is problematic, results in unnecessary discovery disputes, places too much discretionary power in the

responding party, unnecessarily duplicates the discovery process, and results in needless expense. See *In re Plastics Additives Antitrust Litig.*, 2004-2 Trade Case (CCH) P74, 620, 2004 U.S. Dist. LEXIS 23989, at *8-*11 (E.D. Pa, 2004) ("bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery'").

**Defendant:** ERC proposes to the Court the following discovery plan:

1) The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before July 27, 2017.

2) All fact discovery will be commenced in time to be completed by July 3, 2018. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

3) ERC does not require any limitations on discovery. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

4) Disclosure of experts under Federal Rule of Civil Procedure 26 (a)(2) due: Parties bearing the burden of proof on an issue will provide the disclosures required on or before July 10, 2018. Counter-designations of experts will be made on or before July 24, 2018. Expert discovery will be completed by August 20, 2018.

ERC will be seeking the following categories of documents in discovery:

Plaintiff's documents evidencing the allegations of the Complaint;

Plaintiff's documents evidencing any actual damages suffered by Plaintiff;

Documents bearing on Plaintiff's adequacy and standing to serve as class representative.

ERC respectfully submits that discovery should be conducted in phases to address Plaintiff's standing to assert a claim under the EFTA in this Court and her individual claims before conducting discovery related to the claims of the putative

class. Bifurcation of discovery as between class certification and merits discovery is appropriate in this case because as stated more thoroughly in Parts 1 and 5 above, ERC contends that Ms. Peterson cannot prevail on her individual claim under the EFTA and that she, in fact, lacks standing under the act's private right of action provisions as well as Article III to pursue any such claims before this Court, either on her own behalf or on behalf of a class of persons.

ERC respectfully submits that failing to bifurcate discovery would lead to the waste of judicial resources because it is already apparent that Ms. Peterson lacks standing to bring her claims and, further, that she is not a member of the classes that she proposes because she never agreed to any statutorily defined preauthorized electronic funds transfers with ERC. *See Lierboe v. State Farm Mut. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) ("it would be better procedure for the district court to defer ruling on the class certification until making a decision whether the purported class representative can state a claim within the asserted class.").

8. **SCHEDULING**

**Plaintiff:** Plaintiff proposes that the cut-off date for fact discovery be July 3, 2018, expert discovery be completed by August 20 2018; a pretrial conference conducted in October 2018; and trial in December of 2018.

**Defendant**: ERC proposes that the cut-off date for fact discovery be July 3, 2018, expert discovery be completed by August 20 2018; a pretrial conference conducted in October 2018; and trial in December of 2018.

9. **APPROPRIATENESS OF SPECIAL PROCEDURES**

**Plaintiff:** None

**Defendant**: None.

10. **ESTIMATE OF TRIAL TIME**

**Plaintiff:** Plaintiff estimates a 3-5 day jury trial with three witnesses to be called by Plaintiff. Plaintiff's witness list will most likely grow after individuals

are identified during the course of discovery.

**Defendant**: Defendant estimates a 3-5 day trial.

11. **MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

**Plaintiff:** None

**Defendant**: None.

12. **OTHER RELATED MATTERS**

**Plaintiff:** Plaintiff is unaware at this time of any other matters which might relate to the present matter.

**Defendant**: Defendant is unaware at this time of any other pending federal court matters which might relate to the present matter.

13. **SETTLEMENT**

The parties have engaged in some preliminary settlement discussions. The parties are in agreement that settlement discussions will be beneficial after a developed factual record is established. The Parties request private mediation.

14. **OTHER ISSUES**

**Plaintiff:** None

**Defendant**: None.

Respectfully submitted this 6th day of July, 2017.

      By:  _s/Adrian R. Bacon_
         Adrian R. Bacon
         Law Offices of Todd M. Friedman, P.C.
         Attorney for Plaintiff

      By:  _s/ Michael D. Schulman_
         Michael D. Schulman
         LAW OFFICES OF MICHAEL D. SCHULMAN
         Attorney for Defendant

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained all counsels' authorization to affix their electronic signatures to this document.

Dated: July 6, 2017        **Law Offices of Todd M. Friedman, P.C.**

                           By: /s/ Adrian R. Bacon
                              Todd M. Friedman, Esq.
                              Adrian R. Bacon, Esq.
                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

Filed electronically on this 6th day of July, 2017, with:

United States District Court CM/ECF system

Notification sent electronically on this 6th day of July, 2017, to all parties of record and to the Honorable Court

s/Adrian R. Bacon
Adrian R. Bacon, Esq